IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DALTON M. ARIZA,<br><br>Defendant. | **8:21-CR-102**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for its review of the Magistrate Judge's Findings and Recommendation, Filing 30, recommending that the Court hold Defendant's Motion to Dismiss Count I of the Indictment and Request for Hearing, Filing 24, in abeyance. In his motion, Defendant seeks dismissal of Count I of the Indictment on the basis that 18 U.S.C. § 922(g)(3) is unconstitutional both facially and as applied. Filing 24. The Magistrate Judge determined that the matter should be held in abeyance pending further factual development. Filing 30. Defendant timely filed a Statement of Objections to the Magistrate Judge's Findings and Recommendation challenging the Magistrate Judge's recommendation and arguing the Court should not hold the matter in abeyance but should instead find the statute unconstitutional both facially and as applied. Filing 31. As discussed below, the Court overrules the objection, adopts the Magistrate Judge's Findings and Recommendation, and will hold Defendant's motion in abeyance pending further factual development at trial.

## I. BACKGROUND

As is relevant here, the grand jury charged Defendant with violating 18 U.S.C. §§ 922(g)(3) and 924(a)(2) by possessing a firearm and being an unlawful user of and addicted to marijuana. Filing 1 at 1. 18 U.S.C. § 922(g)(3) provides that it is unlawful for any person "who is an unlawful user of or addicted to any controlled substance" to "possess in or affecting commerce, any firearm

or ammunition." Defendant posits that the conduct leading to this charge involves a traffic stop during which officers found a handgun in the vehicle's glove compartment and less than an ounce of marijuana in the vehicle. Filing 25 at 1. According to Defendant's brief, police officers reported that they interviewed Defendant and that Defendant stated that he smoked marijuana frequently when he lived in California but only smoked rarely now. Filing 25 at 1.

After being indicted, Defendant filed the present motion seeking dismissal because 18 U.S.C. § 922(G)(3) "is unconstitutionally vague, both: (1) as applied to him and the facts of his case and (2) facially." Filing 25 at 1. Specifically, Defendant argues § 922(g)(3) provides no notice, both generally and as applied, as to the standard "by which past unlawful use [of marijuana] converts him into an 'unlawful user' or how long 'unlawful user' status might last." Filing 25 at 3. The Magistrate Judge, relying on *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016), recommended the Court hold Defendant's as-applied challenge in abeyance until a trial on the merits in order to develop the facts surrounding the commission of the alleged offense. Filing 30 at 2. The Magistrate Judge also recommended the Court hold Defendant's facial challenge in abeyance, based on the reasoning of *United States v. Bramer*, 832 F.3d 908, 910 (8th Cir. 2016). Filing 30 at 3. Defendant timely objected. Filing 31.

## II. DISCUSSION

### A. Standard of Review

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). 28 U.S.C. § 636(b)(1) requires de novo review "only when a party objected to the magistrate's findings and recommendations." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (*quoting Peretz v. United States*, 501 U.S. 923, 939 (1991)). "A judge of

the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

**B. Analysis**

In his objection to the Magistrate Judge's findings, Defendant argues: (1) the United States failed to provide an articulable standard for 18 U.S.C. § 922(g)(3) in its briefing, (2) gun ownership is a fundamental right and *Bramer* was incorrectly decided, and (3) the Magistrate Judge erred by denying Defendant's request for an evidentiary hearing. Filing 31. The Court addresses each argument in turn and ultimately adopts the Magistrate Judge's Findings and Recommendation in its entirety.

Defendant first argues the United States failed to provide an articulable standard for violating 18 U.S.C. § 922(g)(3) in its briefing. Filing 31 at 1-2. However, as noted by the Magistrate Judge, this matter requires development of a factual record a trial in order for the Court to resolve it. Filing 30 at 2-4. The Magistrate Judge relied on *Turner*, 842 F.3d 602, in so ruling. In *Turner*, the defendant argued the district court "erred in denying his motion to dismiss [pursuant to Fed. R. Crim. P. 12(b)(1)] which raised the affirmative defense that 18 U.S.C. § 922(g)(3) was unconstitutionally vague as applied to the facts of his case." *Id.* at 604. The *Turner* court noted the following:

> Federal Rule of Criminal Procedure 12(b)(1) permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion is capable of pretrial determination "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity" of the motion. *United States v. Covington*, 395 U.S. 57, 60, 89 S. Ct. 1559, 23 L.Ed.2d 94 (1969). The district court must rule on such a motion before trial unless there is "good cause to defer a ruling" and deferral will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d).

*Turner*, 842 F.3d at 604–05.

The court went on to "conclude that 'a trial on the merits' was needed to decide Turner's pretrial motion to dismiss." *Id.* at 605. Applying this standard, the Court will not grant Defendant's motion at this time and overrules Defendant's objection on this basis because (1) the record consists only of the parties' limited briefing or the alleged facts and legal interpretations contained therein, and (2) a trial of the facts surrounding the commission of the alleged offense would be of great assistance in determining the validity of the motion.

Defendant next argues *Bramer* was incorrectly decided because gun ownership is a fundamental right and § 922(g)(3) threatens that right through arbitrary enforcement. Filing 31 at 2. In *Bramer*, 832 F.3d at 909, the defendant argued "that § 922(g)(3) is facially unconstitutional, because the terms 'unlawful user' of a controlled substance and 'addicted to' a controlled substance are vague." The court noted that "our case law still requires [the defendant] to show that the statute is vague as applied to his particular conduct." *Id.* (citing *United States v. Cook*, 782 F.3d 983, 985 (8th Cir. 2015)). The court found that while the terms "unlawful user" and "addicted to" could be unconstitutionally vague, Bramer had not shown "that either term is vague as applied to his particular conduct of possessing firearms while regularly using marijuana. *Id.* at 909–10. In conclusion, the court held that "[Bramer's] facial challenge to the constitutionality of § 922(g)(3) cannot succeed without such a showing." *Id.* at 910.

Thus, pursuant to the Eighth Circuit decision in *Bramer*, a defendant cannot facially challenge § 922(g)(3) without successfully challenging the statute as applied. And, under *Turner*, 842 F.3d at 605, a court must wait to rule on an as-applied challenge to § 922(g)(3) until the record is developed at trial. *See United States v. Waldo*, No. 19-03117-01-CR-S-RK, 2020 WL 2617134, at *2 (W.D. Mo. Jan. 22, 2020), *report and recommendation adopted*, No. 19-03117-01-CR-S-RK, 2020 WL 2616736 (W.D. Mo. May 22, 2020) (finding and collecting cases finding that

"Defendant's as-applied challenge [to § 922(g)(3)] is premature and should not be ruled on until the trial of this matter" pursuant to *Turner* and deferring any ruling on a facial challenge pursuant to *Bramer*). Thus, the Court overrules Defendant's objection on this basis.

Lastly, Defendant argues the Magistrate Judge erred by denying Defendant's request for an evidentiary hearing. In *Turner*, the court stated as follows:

> Rule 12 contemplates that district courts may sometimes make factual findings when ruling on pretrial motions and requires that the court "state its essential findings on the record." Fed. R. Crim. P. 12(d). Courts may not, however, make factual findings when an issue is "inevitably bound up with evidence about the alleged offense itself." *United States v. Grimmett*, 150 F.3d 958, 962 (8th Cir. 1998) (quoting *United States v. Wilson*, 26 F.3d 142, 159 (D.C. Cir. 1994)). The relevant question is thus not what evidence the court relied upon in its ruling, but rather what type of factual finding it made.

*Turner*, 842 F.3d at 605.

Because "[t]he phrase 'unlawful user of . . . any controlled substance' in 18 U.S.C. § 922(g)(3) is not defined by statute and 'runs the risk of being unconstitutionally vague without a judicially-created temporal nexus" between possession of a firearm and drug use, "the district court therefore had to determine whether [Turner] had engaged in 'regular drug use' at the time he possessed the firearm." *Id.* Finding that the facts surrounding the commission of the alleged offense would assist the court in determining this nexus, the *Turner* court held that "the district court erred by definitively ruling on the motion at that point instead of informing Turner that it would defer a ruling until trial." *Id.* Like *Turner*, the facts of Defendant's drug use are inevitably bound up with evidence of Count I, and the Court should not make such factual findings at a pretrial hearing. Thus, Defendant's objection is overruled on all three grounds.

## III. CONCLUSION

Accordingly, the Court overrules Defendant's objection, adopts the Magistrate Judge's Findings and Recommendation in its entirety, and holds this matter in abeyance.

IT IS ORDERED:

1. Defendant's Statement of Objections to the Magistrate Judge's Findings and Recommendation, Filing 31, is overruled;
2. The Court adopts the Magistrate Judge's Findings and Recommendation, Filing 30, in its entirety;
3. Defendant's Motion to Dismiss Count I of the Indictment and Request for Hearing, Filing 24, is held in abeyance; and
4. The Clerk of Court is ordered to terminate the pending motions at Filing 30, Filing 31, and Filing 32.

Dated this 26th day of July, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge